**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DIONNA BROWN,                              )
                                           )
                    PLAINTIFF,             )
        v.                                 )
                                           )     Case No.
M3 FINANCIAL SERVICES, INC.,               )
                                           )
                                           )
                                           )
                    DEFENDANT.             )     JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Dionna Brown, by and through counsel, brings this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's

debt collection actions violated the FDCPA, and to recover damages for the Defendant's

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, and

28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred

here, and Defendant transacts substantial business here.

## STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct

and that is likely to be redressed by a favorable decision in this matter.

4.      Specifically, Plaintiff suffered a concrete and particularized informational injury as a result of the Defendant's false statements made to her in its attempt to collect an alleged debt and Defendant's attempt to collect an alleged debt that was not owed.

5.      Plaintiff has thus suffered an injury as a result of the Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Dionna Brown, is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged delinquent consumer debt. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, M3 Financial Services, Inc. ("M3 Financial"), is an Illinois based corporation with its principal place of business located in Westchester, Illinois.

8.      Defendant acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

2

9.      Defendant also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     Defendant holds and active Collection Agency License from the Illinois Department of Financial and Professional Responsibility.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred a debt of approximately $2,162.88 for goods and/or services used for personal, family or household purposes ("Alleged Debt") to MacNeal Physicians Group, for services allegedly provided by Watermark Physician Services.

12.     The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13.     Defendant claims that Plaintiff's debt entered default and was transferred to Defendant shortly thereafter for attempted collection.

14.     In 2018, Plaintiff no longer had any legal responsibility for the debt and no longer owed it to Defendant. Defendant was aware that it had no legal right to collect the $2,162.88 alleged debt from Plaintiff.

15.     On or about August 10, 2020, Defendant sent Plaintiff a collection letter seeking $2,246.50 for allegedly defaulted debts to MacNeal Physicians Group, among other alleged debts, the $2,162.88 alleged debt that Plaintiff did not owe. (Exhibit A, August 10, 2020, Collection Letter).

16.     Plaintiff did not owe M3 Financial that amount, and that was a false and inaccurate balance.

17.     Defendant contacted Plaintiff by phone as well  and Plaintiff informed Defendant's representative that the balance they were seeking was not owed.

18.     Despite this information, Defendant contacted Plaintiff again on September 2, 2020 and September 25, 2020, seeking the alleged balance of $2,246.50. (Exhibit B, September 25, 2020 Collection Letter).

19.     M3 Financial was not entitled to these funds since Plaintiff did not owe the alleged balance.

20.     Plaintiff was confused by Defendant's statements, since she did not understand why Defendant continued to attempt to collect a debt she did not owe.

21.     15 U.S.C. § 1692e of the FDCPA provides in relevant part:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA when it falsely represented that it had a legal right to the alleged debt, as it was not owed.

4

23.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) by misrepresenting the amount of the debt to Plaintiff.

24.     15 U.S.C. § 1692f provides:

**Unfair Practices**
**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

25.     Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed when it communicated to Plaintiff that she owed $2,246.50 as the balance.

26.     Plaintiff suffered emotional distress as a direct result of Defendant's wrongful actions.

27.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages from each defendant, costs and reasonable attorney fees.

28.      Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

29.     Plaintiff repeats, reallege and incorporate by reference the foregoing paragraphs.

30.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA when it falsely represented that it had a legal right to the alleged debt, as it was not owed.

31.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) by misrepresenting the amount of the debt to Plaintiff.

32.     Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed when it communicated to Plaintiff that she owed $2,246.50 as the balance.

33.     Because of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant for the count alleged above for:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages from each defendant pursuant to 15 U.S.C. § 1692k(a)(2);

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.  Such other or further relief as the Court deems proper.

<u>**JURY DEMAND**</u>

Plaintiff demands trial by jury.

Respectfully submitted,

By:     /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff(s) hereby demands that defendant(s) take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff(s), the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff(s), and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant(s) know of any third party that has possession, custody, or control of any such materials, plaintiff(s) demand that defendant(s) request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant(s).

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys